Submitted March 6, 2006.*

Filed March 10, 2006.

Christina L. Petteruti, Travis AFB, CA, pro se.

Joann M. Swanson, Esq., Patricia Benton, Esq., U.S. Attorney's Office, San Francisco, CA, Gail Killefer, Esq., Office of the U.S. Attorney, Oakland, CA, for Defendants–Appellees.

Before: BEEZER, T.G. NELSON and BEA, Circuit Judges.

MEMORANDUM **

A review of the record and the opening brief indicates that the questions raised in these appeals are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Accordingly, we summarily affirm the district court's judgment.

All pending motions are denied as moot.

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**Serajul HAQUE, Plaintiff—Appellant,**

v.

**FRY'S ELECTRONICS, Defendant—Appellee.**

No. 05–17298.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Filed March 10, 2006.

Serajul Haque, Milpitas, CA, for Plaintiff–Appellant.

Stefano Floyd Rebagliati, Esq., Brian Douglas Henri, Esq., San Jose, CA, for Defendant–Appellee.

Before: BEEZER, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Accordingly, we summarily affirm the district court's judgment.

All pending motions are denied as moot.

**AFFIRMED.**

Mayra Nohemi **BARRIOS–BAUTISTA,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

Nos. 03–72503, 04–71271.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Filed March 10, 2006.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Esq., Vellanoweth & Gehart, LLP, Elena Yampolsky, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Petitioner Mayra Nohemi Barrios–Bautista, a native and citizen of Guatemala, seeks review of two orders issued by the Board of Immigration Appeals ("BIA") denying Petitioner's motions to reopen. We deny the petitions for review in part and dismiss in part.

After a hearing, an immigration judge and, on appeal, the BIA denied Petitioner's application for cancellation of removal. Petitioner did not request judicial review of that decision. Instead, she later filed two motions to reopen. We review for abuse of discretion the BIA's denial of a motion to reopen. *Siong v. INS,* 376 F.3d 1030, 1036 (9th Cir.2004). We review de novo claims of due process violations during removal proceedings. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004).

1. Petitioner's first motion to reopen contained evidence concerning the same hardship ground as her application for cancellation of removal. The question presented was "essentially the same discretionary issue originally decided." *Fernandez v. Gonzales,* 439 F.3d 592, 600 (9th Cir.2006). Thus, we lack jurisdiction to review the denial of the motion. *Id.*

2. The BIA did not abuse its discretion in denying Petitioner's second motion to reopen because, among other reasons, Petitioner was then statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229c(d). She failed to depart voluntarily within the time that had been allowed.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.